UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DWAYNE JEFFERS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 03-1762 (RMC) |
| ELAINE L. CHAO *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Dwayne Jeffers alleges that his employer, the Pension Benefit Guaranty Corporation ("PBGC"), created a hostile work environment and retaliated against him by suspending him for seven days due to his prior filing of charges that the PBGC had violated his equal employment opportunity ("EEO") rights. Defendants Elaine L. Chao, sued in her capacity as Chairman, PBGC, and Bradley T. Belt,[1] PBGC Executive Director, move to dismiss. Mr. Jeffers filed a grievance under his collective bargaining agreement, grieving the suspension. That grievance constituted an election of forum and his remedy, if any, must come from an arbitrator's award. Accordingly, Defendants' motion to dismiss the federal court case will be granted.

**I. BACKGROUND**

Mr. Jeffers is an African-American who works as a GS-13 Actuary in the Insurance Operations Department of the PBGC, Compl. ¶ 4, where he has worked since August of 1995. *Id.* ¶ 8. "He is a union shop steward and, therefore[,] regularly represented PBGC employees who are

---

[1] Mr. Belt has succeeded Steven Kandarian, originally a named defendant, as Executive Director of the PBGC.

members of the National Association of Government Employees" ("Union"), "including presenting and prosecuting claims of discrimination." *Id.* ¶ 6. It appears that he has had an unhappy few years at the PBGC. When he filed suit in this Court, he advanced three EEO complaints as well as the hostile work environment and retaliation claims that are now pending. The Court dismissed two of the EEO complaints (Nos. 02-09 and 03-03) because Mr. Jeffers failed to exhaust his administrative remedies by failing to "participate at all" in the investigation of his complaints. *See Jeffers v. Chao*, No. 03-1762 (RMC), Memorandum Opinion on Motion to Dismiss, slip op. at 2 (D.D.C. Sept. 21, 2004); *see also Jeffers v. Chao*, No. 03-1762, 2005 WL 1432374, at * 1 (D.D.C. June 14, 2005).[2]

The remaining claims allege that a seven-day suspension in June 2003 and the PBGC's refusal to agree to expedited arbitration on the suspension grievance constituted retaliation and a hostile work environment. *See* Compl.¶ 12. The PBGC filed a Supplemental Motion to Dismiss on April 14, 2005, which has been fully briefed.

The merits of the suspension are not currently at issue. The question is whether Mr. Jeffers can pursue a remedy for the suspension and failure to expedite arbitration (as alleged retaliation and hostile environment) in both federal court and before an arbitrator.

The undisputed facts are these:

- Mr. Jeffers was assigned to brief participants in the pension plan at the Columbia Hospital for Women about the impact of the PBGC becoming the trustee of their plan. These briefings were to occur in the morning and evening of May 22, 2003. Mr. Jeffers conducted the first briefing but asked a Union steward to inform his supervisor that he was incapacitated and unable to complete the evening assignment.

- Because Mr. Jeffers had complained volubly about the evening assignment, the PBGC investigated and determined that it did not credit his reasons for not performing the assignment as directed. On May 29, 2003, the Agency proposed

---

[2] The Court did not dismiss claims raised in EEO complaint 99-06.

suspending him for seven days.

- Mr. Jeffers responded and, on June 20, 2003, grieved the proposed suspension through his Union representative.

- Despite his response and grievance, the PBGC suspended Mr. Jeffers for seven days, effective July 23, 2003.

- By memorandum dated August 6, 2003, Mr. Jeffers sought arbitration of his grievance. The parties have since selected an arbitrator to hear the grievance concerning Mr. Jeffers's suspension and whether he was entitled to expedited arbitration.

- On August 19, 2003, Mr. Jeffers filed the instant Complaint, which includes the allegation that the "PBGC has subjected [me] to a hostile work environment and numerous acts of reprisal including but not limited to a recently imposed seven (7) day suspension and a refusal to provide [me] with an 'expedited arbitration' . . ." Compl. ¶ 12. The Complaint did not mention the grievance filed on June 20, 2003.

- By an email dated August 22, 2003, Mr. Jeffers sought EEO counseling from the PBGC EEO office regarding the seven-day suspension. He states that the PBGC ignored his request and provided no EEO counselor.

- The following Spring, on March 17, 2004, the PBGC wrote to the Union and to Mr. Jeffers's counsel in the instant matter, noting that the grievance and court suit were duplicative. The Union did not agree to withdraw its grievance, although it did agree to stay the arbitration pending the outcome of the lawsuit. Counsel for Mr. Jeffers did not respond.

## II.  LEGAL STANDARDS

Defendants move to dismiss Mr. Jeffers's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp.2d 15, 19 (D.D.C. 1998). The Court must accept the allegations in the plaintiff's

complaint as true and draw all reasonable inferences in the plaintiff's favor.  These allegations, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (3rd ed. 1987)).  It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance For Democracy v. Federal Election Com'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

Pursuant to Rule 12(b)(6), dismissal for failure to state a claim upon which relief can be granted is appropriate only where it "appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The primary issue in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support his or her claims.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1984), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183 (1984).  At this early stage of the proceedings, the court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff.  *See Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999).  However, the Court "need not accept inferences drawn by the plaintiff if such inferences are not supported by the facts set out in the complaint," *Kowal*, 16 F.3d at 1276, and the Court need not accept the

plaintiff's legal conclusions as true.  *See Alexis*, 44 F. Supp. 2d at 337.

### III.  ANALYSIS

A federal employee alleging discrimination may pursue his claim under a union-negotiated collective bargaining agreement *or* the Federal Service Labor Management Relations Act ("FSLMRA"), but not under both.  *See* 5 U.S.C. § 7121(d) ("An aggrieved employee affected by a prohibited personnel practice under section 2302(b)(1) of this title which also falls under the coverage of the negotiated grievance procedure may raise the matter under a statutory procedure or the negotiated procedure, but not both.").  The EEOC's regulations also require federal employees to choose whether to pursue a discrimination complaint before the EEOC or under the grievance procedure of a collective bargaining agreement whose grievance-and-arbitration provisions cover alleged discrimination.  *See* 29 C.F.R. § 1614.301(a).  The collective bargaining agreement at issue here contains a clause providing the same election procedure and notice at Section 55.4 ("[T]he employee wishing to file must elect in which forum he/she wishes to pursue the matter, either under 29 C.F.R. §1614 (EEO) or under the negotiated grievance procedure.").  Mr. Jeffers is a Union shop steward who has presented and prosecuted claims of discrimination.  Compl. ¶ 6.  One must assume that he is fully familiar with this election-of-remedies procedure.

Since Mr. Jeffers first filed a grievance, he has made his election and cannot pursue the same claims in federal court.  *See Guerra v. Cuomo*, 176 F.3d 547, 549 n. 2 (D.C. Cir. 1999) ("[I]f the grievance and the complaint raise the same 'matter,' an employee who has elected to pursue a grievance would be prohibited from filing an EEO complaint on the same

'matter.'").  *Guerra* demonstrates the reach of this election-of-remedies limitation: Ms. Guerra filed a grievance in 1991 that was never advanced by her or her union to arbitration or through the steps of the grievance procedure.  Nonetheless, she was barred from advancing an EEO complaint on the same "matter" in 1995.  *Id.* 176 F.3d at 551.

Mr. Jeffers resists this conclusion, relying on the PBGC's March 17, 2004, letter, which suggested that the grievance should either be stayed pending the results of the litigation or consolidated with this case.  Plaintiff's Opposition to Defendants' Supplemental Motion to Dismiss ("Pl.'s Opp.") at 2.  Mr. Jeffers correctly recites the gist of the PBGC's letter, but it is irrelevant.  There is a statutory mandate that an employee can elect *one* forum, "but not both."  5 U.S.C. § 7121(d).  The PBGC may have offered to "consolidate" the matters before this Court but it did not have the power to do so.  Once Mr. Jeffers elected to file a grievance over his suspension and agreed to arbitrate his preclusion from expedited arbitration, his election became binding.[3]  There is no claim that these are not the same "matter" and the Court finds that issue conceded.  In any event, such a claim would also be without merit, were it advanced.  *See Guerra v. Cuomo*, 176 F.3d at 549-551 (discussing breadth of the term "matter"). Mr. Jeffers's complaint and the grievance he filed advance the same claims.

---

[3] Seeking to avoid litigation over the same claim in two venues, the PBGC and the Union apparently agreed to stay the arbitration on Mr. Jeffers's grievance until this question could be resolved in court.  This common-sense approach does not support Mr. Jeffers's argument that "the PBGC has effectively blocked Mr. Jeffers from going forward with arbitration."  Pl.'s Opp. at 2.  In addition, the fact that "Mr. Jeffers sought EEO counseling in August 2003," *id.*, has no impact because the election in question occurred on June 20, 2003, when he filed his grievance through his Union representative.  For the same reasons, it is irrelevant whether or not Mr. Jeffers exhausted his administrative remedies as applicable to the processing of an EEO complaint concerning the suspension and refusal to engage in expedited arbitration.

## IV. CONCLUSION

Having first filed a grievance under the collective bargaining agreement concerning his suspension and request for expedited arbitration, Mr. Jeffers is barred from pursuing an EEO claim in court relating to that matter. He makes no legal argument to the contrary, instead advancing an argument in equity that he should be allowed to proceed here because the PBGC has taken inconsistent positions and has blocked his access to a prompt arbitration. These arguments cannot overcome the clear and specific language of the statute. Because Mr. Jeffers elected to file a grievance, this Court is without jurisdiction to adjudicate his claim. Accordingly, Defendants' motion to dismiss will be granted. A separate order accompanies this memorandum opinion.[4]

__________/s/______________________________
ROSEMARY M. COLLYER
United States District Judge

DATE: January 3, 2006.

[4] Plaintiff's Motion for Reconsideration of the Court's March 30, 2005, Order Granting a Stay in Discovery [Dkt. No. 24] and Defendants' Motion for Leave to File an opposition to the motion for reconsideration of the stay of discovery [Dkt. No. 27] are denied as moot.